# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NORMAN EGOLF,

               Plaintiff,

  v.

THE PUBLIC DEFENDER AGENCY and TOM FORD,

               Defendants.

Case No. 4:22-cv-00071-SLG

## **NOTICE OF INTENT TO DISMISS**

On October 17, 2022, Norman Engulf, a self-represented litigant, ("Plaintiff") filed several documents with the Court, including a civil cover sheet, a "Motion and Demand for Trial by Jury," and a Motion for Waiver of all Fees."[1] Subsequently, on November 21, 2022, Plaintiff filed a "Motion for Immediate Emergency Injunctive Relief and Complaint Seeking Warrant for Arrest."[2] Plaintiff also submitted printouts of federal and state laws.[3]

Plaintiff's request for preliminary injunctive relief warrants this Court's prompt attention.[4] In order to properly assess the preliminary injunction, the Court must also review the Complaint, which must be screened in accordance with 28

---

[1] Dockets 1-4.

[2] Docket 6.

[3] Docket 1-1, 1-2, 1-3, 6-2, 6-3, 6-5, 6-6, 6-7, 6-8, and 6-9.

[4] See generally Fed. R. Civ. P. 65.

U.S.C. § 1915(e)(2)(B). In the interest of judicial economy, the Court screens Plaintiff's Complaint and rules on all pending motions.

## DEFICIENT FILING

As an initial matter, Plaintiff's filings are deficient. In order to properly commence a civil action, a litigant must either pay the filing fee of $402.00 or file an application to waive prepayment of the filing fee.[5] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement of their prison trust account for the past six months.[6]

Plaintiff filed a Motion for Waiver of All Fees and attached three Request for Interview Forms with correspondence between him and the State of Alaska Department of Corrections.[7] Although these forms demonstrate Plaintiff's attempts to request the required prisoner trust account statement, they also reveal that he has not complied with the Department's instructions to correct the form in order to properly request this information.[8] Because Plaintiff has not included this statement, his request to waive his filing fee is incomplete.

Ordinarily, the Court would grant Plaintiff an additional 30 days to submit the required documentation. However, as explained below, the Court also finds the

---

[5] Local Civil Rule 3.1(c).

[6] Local Civil Rule 3.1(c)(3).

[7] Docket 4.

[8] See Docket 4-1 through 4-3.

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 2 of 12
Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 2 of 12

Complaint to be deficient and amendment would be futile. Therefore, the Complaint must be dismissed with prejudice.

## CASE SCREENING

### I. Complaint Allegations

Plaintiff brings suit against the Public Defender Agency and Attorney Tom Ford ("Defendants").[9] Plaintiff asserts claims for the deprivation of his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, in addition to a claim for "conspiracy to interfere with civil rights" under 42 U.S.C. § 1985.[10] Plaintiff also asserts violations of the Alaska Constitution and state law claims for violations of fiduciary duty, malpractice, and contract law.[11] The Court shall not consider additional arguments contained in the additional documents filed with the Court, as that is not proper procedure to amend a complaint.[12]

---

[9] Throughout Plaintiff's extensive narrative, he also raises allegations against additional individuals, such as judges, state troopers, and his ex-girlfriend. However, Plaintiff only specifically names the Public Defender Agency and Attorney Tom Ford as Defendants, and his claims revolve around their alleged failures to protect his rights from violations from other individuals. See generally Docket 1. Therefore, the Court will only consider Plaintiff's allegations against the Public Defender Agency and Attorney Tom Ford.

[10] Docket 1 at 1, 19, 21, 27.

[11] Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law, which, for the reasons explained above, he does not. See 28 U.S.C. § 1367. Accordingly, the Court will not address the viability of Plaintiff's state law claims.

[12] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 3 of 12
Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 3 of 12

Attorney Ford, a public defender, was appointed to represent Plaintiff in multiple criminal proceedings. In his Complaint, Plaintiff alleges Defendants specifically violated his rights in Alaska Case Nos. 4TO-18-0040CI; 4TO-19-00031 CI; 4TO-1900067CI; 4TO-1900068CI; 4TO-21-28CI; and 4TO-21-74 CR.[13]

For relief, Plaintiff requests injunctive relief and damages.[14] Specifically, Plaintiff requests an injunction requiring the Public Defender Agency to:

1) "remove defendant attorney Tom Ford as Ford as attorney of record in [his] criminal case, and to file a formal complaint against his license to practice law in the State of Alaska,"

2) "contract with a qualified criminal defense attorney that has extensive experience in constitutional law and has defended constitutional rights before a court," and

3) "file a challenge to disqualify Superior Court Judge Patricia Haines from my criminal case because of her documented propensity to favor dishonest acts by state officials such as withholding exculpatory evidence to secure indictments and convictions."[15]

---

[13] Docket 1 at 26.

[14] Docket 1 at 27-29.

[15] Docket 1 at 27.

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 4 of 12

Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 4 of 12

Additionally, Plaintiff requests various amounts of monetary compensation. Plaintiff provides three different options for calculating the dollar amount for his requested relief.[16] Plaintiff demands a jury trial.

## II. Screening Standard

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[17] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[18]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[19] In conducting its

---

[16] Option 1: compensatory damages in the amount of $500 per day from the date Mr. Ford was assigned to his case; compensatory damages in the amount of $50,000.00; compensatory damages in the amount of $100,000.00 from each defendant; and special damages in the amount of $30,240.00 for lost wages. Option 2: compensatory damages in the amount of $500,000.00 plus punitive damages in the amount of $1,000,000.00. Option 3: damages in the amount of the "total sum of profits made by the [ ] defendants as paid to them by the State of Alaska from the date Mr. Ford was assigned to [his] criminal case" plus punitive damages in the amount of $1,000,000.00. Docket 27-28.

[17] See, e.g., *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[18] 28 U.S.C. § 1915(e)(2)(B).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 5 of 12
Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 5 of 12

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[20] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[21] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [22]

### III. Failure to State a Claim Upon which Relief May be Granted

A complaint seeking relief from a federal court must be clear. Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." Factual allegations may not be speculative, rather, plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's

---

570 (2007)).

[20] See *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[21] See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[22] See *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 6 of 12
Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 6 of 12

legal conclusions as true.[24] Here, Plaintiff fails to name a proper defendant or articulate an actual, redressable injury that, if proven true, would demonstrate a constitutional violation.

### A. Civil Rights Claims Under 42 U.S.C. § 1983 ("Section 1983")

Section 1983 "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[25] For relief under Section 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[26] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[27]

Both the U.S. Supreme Court and the U.S. Court of Appeals for the Ninth Circuit—whose decisions are mandatory, binding precedent for this Court—have ruled that public defenders do not act "under color of state law" when they work as their clients' defense lawyers, even though many public defenders work for

---

[24] *Iqbal,* 556 U.S. at 678.

[25] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[26] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[27] *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 7 of 12
Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 7 of 12

public agencies and are paid with state funds.[28] Further, "[t]his protection also extends to [the attorney's] office, not just the individuals working in them."[29]

Therefore, Plaintiff cannot maintain a Section 1983 claim against the Public Defender Agency or Attorney Tom Ford. No other defendants could be substituted under the alleged facts; therefore, amendment is futile and the Complaint must be dismissed with prejudice.

### *B. Civil Actions Under 42 U.S.C. § 1985 ("Section 1985")*

Section 1985 creates a civil action for damages caused by two or more persons who "conspire ... for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." A Section 1985 claim must involve a racial or otherwise class-based invidious discriminatory animus.[30] Here, Plaintiff brings suit on behalf of himself and does not allege discrimination based on his race or membership in any other suspect class.

Further, "the absence of a Section 1983 deprivation of rights precludes a Section 1985 conspiracy claim predicated on the same allegations."[31] Plaintiff's

---

[28] *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981); *Miranda v. Clark Cnty., Nev., 319* F.3d 465, 468 (9th Cir. 2003) (en banc).

[29] *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

[30] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993).

[31] *Caldeira v. Cnty. of Kauai,* 866 F.2d 1175, 1182 (9th Cir. 1989).

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 8 of 12
Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 8 of 12

conspiracy claims allege violations of underlying constitutional rights.[32] As discussed above, Plaintiff cannot pursue a Section 1983 claim against Defendants, and consequently, he may not pursue a Section 1985 conspiracy claim.

### C. State Violations

Plaintiff also brings state law claims, including violations of fiduciary duty, malpractice, and contract law. Throughout his extensive narrative, Plaintiff also describes multiple complaints regarding Attorney Ford's representation and raises additional allegations of fraud, professional misconduct, and criminal activity.

Under 28 U.S.C. § 1367, a federal district court may hear state law claims by exercising supplemental jurisdiction, in cases where federal question jurisdiction already exists and there are state law claims that derive from a common nucleus of operative facts.[33] Because Plaintiff has not pled a valid federal claim for relief, the Court lacks subject matter jurisdiction over his state law claims.[34]

### IV. Motion for Injunctive Relief

Plaintiff filed a "Motion for Immediate Emergency Injunctive Relief and Complaint Seeking Warrant for Arrest" requesting the Court issue a warrant for the arrest of Attorney Tom Ford.[35] As an initial matter, the Court may issue a

---

[32] Docket 1 at 21.

[33] See *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

[34] See 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (If "the federal claims are dismissed before trial... the state claims should be dismissed as well.").

[35] Docket 6.

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 9 of 12
Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 9 of 12

preliminary injunction "only on notice to the adverse party."[36]  In light of the instant screening order, there is currently no active complaint and no defendant to be served in this case.  Further, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[37]  Plaintiff cannot show that he will likely succeed on the merits of his claim, because there is not a properly pled claim before the Court.

Even if Plaintiff alleged additional plausible facts to demonstrate a clear and a certain claim, the Court cannot issue an arrest warrant.  The Court recently denied a similar request from Plaintiff in *Egolf v. Schroeder.*[38]  In *Schroeder,* the Court denied Plaintiff's request for mandamus relief explaining that the that federal district courts cannot order a U.S. District Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers.[39]

The United States Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive

---

[36] Fed. R. Civ. P. 65(a)(1).

[37] *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[38] Case No. 4:22-cv-00003-SLG (D. Alaska June 2022).

[39] *Id.* Docket 11 at 7 n.24 *(citing O'Connor v. State of Nev.,* 507 F. Supp. 546, 549 (D. Nev. 1981), aff'd, 686 F.2d 749 (9th Cir. 1982).

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 10 of 12

Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 10 of 12

Branch, and the Judicial Branch.[40] The Executive Branch of the United States has exclusive authority and absolute discretion to decide whether to prosecute a case.[41] As the Judicial Branch, this Court does not have the power to criminally prosecute any individual or to issue an order for the arrest of an individual based on Plaintiff's request.[42] Therefore, Plaintiff's motion for injunction and arrest warrant must be denied.

V. **Conclusion**

In summary, Plaintiff's Complaint fails to state a claim upon which relief may be granted. No other defendants could be substituted under the alleged facts. Therefore, the Court finds amendment would be futile and the Complaint will be dismissed without leave to amend. A dismissal under these circumstances would be a strike.[43]

**IT IS THEREFORE ORDERED**:

---

[40] *Bowsher v. Synar,* 478 U.S. 714, 721 (1986).

[41] *United States v. Nixon,* 418 U.S. 683, 693 (1974).

[42] See *Latronica v. Merrill Lynch*, 2016 WL 6967586, at *3 (E.D. Cal. 2016), *report and recommendation adopted sub nom. Latronica v. Lynch*, 2016 WL 10654059 (E.D. Cal. 2016).

[43] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 11 of 12

Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 11 of 12

1. Plaintiff has 30 days to voluntarily dismiss this action in order to avoid receiving a strike as required by 28 U.S.C. § 1915(g).

2. If Plaintiff does not respond, the Court will dismiss the action and issue a strike.

3. The Motion for Immediate Emergency Injunctive Relief and Complaint Seeking Warrant for Arrest at Docket 6 is **DENIED.**

4. The Clerk of Court is directed to send Plaintiff PS 90 Notice of Voluntary Dismissal.

DATED this 6th day of December, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:22-cv-00071-SLG, *Egolf v. Public Defender Agency, et al.*
Notice of Intent to Dismiss
Page 12 of 12

Case 4:22-cv-00071-SLG   Document 7   Filed 12/06/22   Page 12 of 12